# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MARTA,<br><br>          Plaintiff,<br><br>   v.<br><br>CDCR,<br><br>          Defendant. | **1:20-cv-00072-ADA-GSA-PC**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 25.)**<br><br>**ORDER EXTENDING DISCOVERY DEADLINE FOR LIMITED PURPOSE**<br><br>**ORDER EXTENDING DEADLINE TO FILE PRETRIAL DISPOSITIVE MOTIONS FOR ALL PARTIES**<br><br><u>**New Discovery Deadline for Limited Purpose**</u>**:**<br>**October 29, 2022**<br><br><u>**New Deadline to File Dispositive Motions**</u>**:**<br>**December 29, 2022** |

## I.  BACKGROUND

Jason Marta ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 (1994).  This case now proceeds against sole defendant CDCR ("Defendant") for violation of the ADA.

1

On March 30, 2022, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of August 30, 2022, and a dispositive motions filing deadline of October 30, 2022. (ECF No. 23.) On August 30, 2022, Defendant filed an ex parte motion to modify the Scheduling Order. (ECF No. 25.)

**II.     MOTION TO MODIFY SCHEDULING ORDER**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court finds good cause to extend the discovery deadline for a limited purpose, and the dispositive motions filing deadline for all parties. Therefore, the motion to modify the Scheduling Order filed by Defendant CDCR on August 30, 2022 shall be granted. The discovery deadline shall be extended to October 29, 2022, for limited purpose, solely for Defendant to conduct Plaintiff's deposition, and the dispositive motions deadline shall be extended to December 29, 2022, for all parties.

**III.    CONCLUSION**

Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that:

1. Defendant CDCR's ex parte motion to modify the Court's Scheduling Order, filed on August 30, 2022, is GRANTED;
2. The discovery deadline is extended from August 30, 2022 to **October 29, 2022**, for limited purpose, solely for Defendant to conduct Plaintiff's deposition;
3. The dispositive motions deadline is extended from October 30, 2022 to **December 29, 2022**, for all parties; and
4. All other provisions of the court's March 30, 2022 Discovery and Scheduling

Order remain the same.

IT IS SO ORDERED.

Dated: **August 31, 2022**                                   **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE