# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MARTA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR,<br><br>　　　　Defendant. | **1:20-cv-00072-ADA-GSA-PC**<br><br>**ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER**<br><br>**(ECF No. 36.)**<br><br>**ORDER EXTENDING DISPOSITIVE MOTIONS FILING DEADLINE TO JULY 12, 2023 FOR ALL PARTIES**<br><br>**<u>New Deadline to File Dispositive Motions</u>: July 12, 2023** |

## I.  BACKGROUND

Jason Marta ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 (1994). This case now proceeds against sole defendant CDCR ("Defendant") for violation of the ADA. (ECF No.12).

On March 30, 2022, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of August 30, 2022, and a dispositive motions filing deadline of October 30, 2022. (ECF No. 23.) On August 30, 2022, Defendant filed an ex parte application to modify the Scheduling Order and extend the deadlines

for discovery and for the filing of dispositive motions. (ECF No. 25.) On August 31, 2022, the Court granted Defendant's application and extended the discovery deadline to October 29, 2022 and the dispositive motions filing deadline to December 29, 2022. (ECF No. 26.)

On December 29, 2022, Defendant filed an ex parte application to extend the dispositive motions filing deadline to March 14, 2023. (ECF No. 29.) On January 6, 2023, the Court granted Defendant's application and extended the dispositive motions deadline to March 14, 2023. (ECF No. 30.)

On March 14, 2023, Defendant filed another ex parte application to extend the dispositive motions filing deadline to May 28, 2023. (ECF No. 33.) On March 31, 2023, the Court granted Defendant's application and extended the dispositive motions deadline to May 28, 2023. (ECF No. 35.)

On May 25, 2023, Defendant filed another ex parte application to extend the dispositive motions filing deadline to July 12, 2023. (ECF No. 36.) Plaintiff has not filed an opposition.

**II.     MOTION TO MODIFY SCHEDULING ORDER**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court finds good cause to extend the dispositive motions filing deadline in the Court's Discovery and Scheduling Order for all parties. Therefore, the application to modify the Scheduling Order filed by Defendant CDCR on May 25, 2023 shall be granted, and the dispositive motions filing deadline shall be extended to July 12, 2023, for all parties.

**III.    CONCLUSION**

Based on the foregoing and good cause appearing, **IT IS HEREBY ORDERED** that:

1. Defendant CDCR's ex parte application to modify the Court's Scheduling Order, filed on May 25, 2023, is GRANTED;

2. The dispositive motions filing deadline is extended from May 28, 2023 to **July 12, 2023**, for all parties; and

3. All other provisions of the court's March 30, 2022 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated: **June 22, 2023**                              /s/ Gary S. Austin
                                                    UNITED STATES MAGISTRATE JUDGE