UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MARTA,<br>Plaintiff,<br>v.<br>CDCR,<br>Defendant. | Case No. 1:20-cv-00072-KES-FJS (PC)<br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 88) |

Plaintiff Jason Marta ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. This case is set for a jury trial on March 23, 2027, before United States District Judge Kirk E. Sherriff on Plaintiff's claim against Defendant California Department of Corrections and Rehabilitation ("Defendant") for violation of the Americans with Disabilities Act.

Plaintiff moves for appointment of counsel, filed November 4, 2026. (ECF No. 88.) Plaintiff states that he lacks the financial resources to retain counsel and lacks sufficient legal and medical knowledge to articulate the complex issues in this action. (ECF No. 88.) The deadline for Defendant to file a response has not yet expired, but the court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954

n.1 (9th Cir. 1998), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (citation modified).

The court has considered Plaintiff's request but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases filed almost daily by prisoners who lack legal and medical knowledge who must litigate their actions without the assistance of counsel.

Furthermore, at this stage in the proceedings, the court cannot determine whether Plaintiff is likely to succeed on the merits. Although the court screened the complaint and found that it stated a cognizable claim, and Plaintiff's claim survived summary judgment, this does not necessarily mean Plaintiff's claim is likely to succeed on the merits. Finally, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 88), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **November 5, 2026**

UNITED STATES MAGISTRATE JUDGE